UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES T. MAHONEY,<br>MISSOURI DEPARTMENT OF REVENUE,<br>LCS FINANCIAL SERVICES CORP.,<br>BENEFICIAL FINANCIAL I INC., as successor by merger to BENEFICIAL MISSOURI, INC.,<br>PORTFOLIO RECOVERY ASSOCIATES, LLC, and<br>ST. LOUIS COUNTY, MISSOURI,<br><br>    Defendants. | Case No. 21-cv-1245 |

**COMPLAINT**

Plaintiff, United States of America, alleges as follows:

1. The United States brings this civil action to (1) reduce to judgment federal income tax assessments against James T. Mahoney, (2) enforce federal tax liens and a criminal restitution lien against real property located at 11327 Manchester Road, Kirkwood, Missouri 63122 (the "Property") to satisfy, in part, Mahoney's federal tax liabilities, (3) obtain an order authorizing the sale of the Property, and (4) have the proceeds from the sale distributed in amounts determined by the Court.

2. This action is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403(a).

**Jurisdiction and Venue**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because this is the district where Defendant Mahoney resides, where he filed his tax returns, where his liability for the taxes at issue accrued, and where the Property is located.

**Parties**

5. Plaintiff is the United States of America.

6. Defendant Mahoney resides in the Property and is subject to the jurisdiction of this Court.

7. The Missouri Department of Revenue is named as a defendant to Count II of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

8. Defendant LCS Financial Services Corp. is named as a defendant to Count II of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

9. Defendant Beneficial Financial I Inc., as successor by merger to Beneficial Missouri, Inc. is named as a defendant to Count II of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

10. Defendant Portfolio Recovery Associates, LLC is named as a defendant to Count II of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

11. Defendant St. Louis County, Missouri is named as a defendant to Count II of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

### COUNT I: Reduce Federal Income Tax Assessments to Judgment

12. The United States incorporates by reference paragraphs 1 through 6 of this Complaint.

13. Mahoney filed federal income tax returns for tax years 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2015, 2016, and 2017 late, reporting unpaid tax due.

14. Mahoney filed federal income tax returns for tax years 2011, 2012, 2013, and 2014 reporting unpaid tax due.

15. On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against Mahoney for income taxes, penalties, and interest. The amount due, including accrued interest, other statutory additions, and payments and other credits through October 5, 2021, is stated in the chart below.

| Tax Year | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalties | Unpaid Balance of Assessment |
|---|---|---|---|---|---|
| 1999 | 11/17/2014 12/19/2016 | $18,758.00 | $26,784.26 $4,002.68 | $9,812.05 | **$72,977.88** |
| 2000 | 12/29/2014 12/19/2016 | $19,294.00 | $5,221.25 $685.33 | $2,109.50 $1,073.50 | **$16,322.78** |
| 2001 | 1/5/2015 12/19/2016 | $21,264.00 | $5,992.56 $1,046.49 | $3,632.90 | **$20,207.59** |
| 2002 | 1/5/2015 12/19/2016 | $15,819.00 | $5,430.89 $777.52 | $1,982.75 $1,454.75 | **$18,834.85** |
| 2003 | 12/1/2014 12/19/2016 | $16,427.00 | $5,344.63 $828.46 | $1,606.75 $1,606.75 | **$19,244.84** |
| 2004 | 1/5/2015 12/19/2016 | $13,791.00 | $2,745.45 $593.80 | $2,195.72 | **$11,466.05** |
| 2005 | 1/5/2015 12/19/2016 | $17,153.00 | $7,230.26 $1,756.40 | $6,445.67 | **$33,915.46** |

| Tax Year | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalties | Unpaid Balance of Assessment |
|---|---|---|---|---|---|
| 2006 | 1/5/2015<br>12/19/2016 | $23,242.00 | $10,628.93<br>$3,122.27 | $11,927.64 | **$60,097.73** |
| 2007 | 12/15/2014<br>12/19/2016 | $62,042.00 | $7,836.20<br>$7836.20 | $29,469.95 | **$147,573.63** |
| 2008 | 12/08/2014<br>12/19/2016 | $59,136.00 | $15,299.29<br>$7,244.01 | $28,089.60 | **$134,933.45** |
| 2009 | 12/8/2014<br>12/19/2016 | $58,160.00 | $11,663.40<br>$6,705.83 | $29,018.49 | **$122,360.60** |
| 2010 | 11/28/2011<br>12/31/2012<br>12/19/2016 | $54,635.00 | $1,574.92<br><br>$13,010.01 | $14,478.27<br>$6,283.02<br>$5,180.25 | **$116,229.33** |
| 2011 | 11/19/2012<br>12/19/2016 | $40,953.00 | $558.05<br>$4,633.13 | $1961.05<br>$6,500.12 | **$54,841.11** |
| 2012 | 11/25/2013<br>12/19/2016 | $39,770.00 | $646.05<br>$3,911.04 | $2,103.80<br>$7,301.70 | **$59,915.46** |
| 2013 | 9/15/2014<br>12/19/2016 | $32,056.00 | $367.68<br>$2,392.86 | $1,302.40<br>$6,392.32 | **$48,733.22** |
| 2014 | 11/23/2015 | $29,011.00 | $515.77 | $1,641.44 | **$44,866.76** |
| 2015 | 3/4/2019 | $21,087.00 | $3,289.95 | $8,540.72 | **$38,336.48** |
| 2016 | 2/25/2019 | $27,389.00 | $2,841.26 | $9,278.25 | **$47,615.69** |
| 2017 | 2/25/2019 | $22,970l00 | $1,094.14 | $3,766.20 | **$35,500.28** |
|  |  |  |  | Total: | **$1,103,973.19** |

16. For the tax years identified in paragraph 15, the IRS gave Mahoney notices of assessments and made demands for payment.

17. Mahoney has failed to pay over the amounts assessed against him.

18. The amount due by virtue of the assessments set forth in paragraph 15, above, with interest and other statutory additions, totals $1,103,973.19 through October 5, 2021.

19. Interest and other statutory additions will continue to accrue on the amounts owed the United States until the balance is paid in full.

WHEREFORE, the United States requests that the Court:

(a) Enter judgment on Count I of this Complaint in favor of the United States and against Mahoney for unpaid federal income taxes in the amount of $1,103,973.19, plus further interest and other statutory additions that have accrued and will continue to accrue according to law from October 5, 2021; and

(b) Award the United States such other relief as is just and equitable, including awarding the United States its costs.

### COUNT II:  Enforce Federal Tax Liens Against the Property

20. The United States incorporates by reference paragraphs 1 through 19 of this Complaint.

21. By general warranty deed dated May 22, 1995, and recorded June 1, 1995, James T. Mahoney acquired the Property, consisting of the real property located at 11327 Manchester Road, Kirkwood, Missouri 63122. The Property has a legal description of:

> The East 60 feet of the West 130.78 feet of Lot 20 in Section "C" of Westchester, according to the plat thereof recorded in Plat Book 19 page 32 of the St. Louis County Records. EXCEPTING THEREFROM the South 10 feet thereof taken for the widening of Manchester Road by Condemnation suit #108160 of the Circuit Court of the County of St. Louis.

22. By quit claim deed dated December 22, 1997, and recorded January 23, 1998, James T. Mahoney and Maryann Vitale Mahoney, husband and wife, conveyed their interest in the Property to themselves.

23. By quit claim deed dated December 17, 1999, and recorded December 30, 1999, Maryann Vitale, a/k/a Maria Antonia Vitale, a/k/a Maryann Vitale-Mahoney conveyed her interest in the Property to James T. Mahoney.

24. As a result of the assessments described in paragraph 15, above, as well as the notices of assessments, demands for payment, and subsequent failures to pay, federal

5

tax liens arose, pursuant to 26 U.S.C. §§ 6321 and 6322, in favor of the United States on the dates of each of the assessments and attached to all property and rights to property belonging to Mahoney as a matter of law.

25. The tax liens that arose by reason of the tax assessments described in paragraph 15 attached to Mahoney's interest in the Property.

26. The IRS filed notices of federal income tax liens against Mahoney with the Recorder of Deeds for St. Louis County, Missouri, as follows:

| Income Tax Years | Date NFTL Recorded |
|---|---|
| 1999–2013 | 8/28/2015 |
| 2014 | 1/21/2016 |
| 2015–2017 | 5/3/2019 |

27. The federal tax liens described in paragraph 15 attached to, and should be enforced against, the Property, and the Property should be sold pursuant to Court order.

28. On April 10, 2014, Mahoney pled guilty, in the case *United States v. James T. Mahoney*, No. 4:14-cr-78-DDN (E.D. Mo.), to one count of failure to file a tax return for tax year 2007.

29. On July 9, 2014, the U.S. District Court for the Eastern District of Missouri entered a judgment against Mahoney, including criminal restitution in the amount of $186,554.64.

30. On July 17, 2014, the United States filed notice of the restitution judgment lien against Mahoney with the Recorder of Deeds for St. Louis County, Missouri.

31. On December 8, 2014, a delegate of the Secretary of the Treasury made assessments, pursuant to 26 U.S.C. § 6201(a)(4), against Mahoney for criminal restitution in the amount of $186,554.64 and interest in the amount of $30,540.07

32. For the criminal restitution assessments set forth in paragraph 31, on or about December 8, 2014, the IRS gave Mahoney notice of assessments and made demands for payment.

33. As a result of the assessments described in paragraph 31, above, as well as the notices of assessments, demands for payment, and subsequent failures to pay, federal tax liens arose, pursuant to 26 U.S.C. §§ 6321 and 6322, in favor of the United States on the dates of each of the assessments and attached to all property and rights to property belonging to Mahoney as a matter of law.

34. The tax liens that arose by reason of the tax assessments described in paragraph 31 attached to Mahoney's interest in the Property.

35. Mahoney has failed to pay the full amount of his assessed criminal restitution debt. The amount due, including accrued interest, other statutory additions, and payments and other credits through October 5, 2021, is $226,107.10.

36. On July 28, 2015, the IRS filed a notice of federal tax lien against Mahoney with the Recorder of Deeds for St. Louis County, Missouri for the criminal restitution assessments set forth in paragraph 31.

WHEREFORE, the United States requests that the Court enter judgment in its favor and against all other parties to this action on Count II of its complaint as follows:

(a) Declare that the federal tax liens identified in paragraphs 24 and 33 are valid and subsisting liens that attached to all property and rights to property of Mahoney as of the dates of the respective assessments made against it;

(b) Declare that the federal tax liens identified in paragraphs 24 and 33 attached to the Property;

(c)     Order that any defendant claiming an interest in the Property superior to the federal tax liens affirmatively demonstrate that interest;

(d)     Order that the federal tax liens be enforced, that the Property be sold in a judicial sale according to the law, free and clear of any right, title, lien, claim, or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

(e)     Award the United States such other relief as is just and equitable, including awarding the United States its costs.

Dated:  October 18, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

Of Counsel:

SAYLER A. FLEMING
United States Attorney

    */s/ Gregory L. Mokodean*
GREGORY L. MOKODEAN
OH Bar Number:  0086880
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
Telephone:  202-307-6554
Fax:  202-514-6770
Gregory.L.Mokodean@usdoj.gov