UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CV 1245 CDP |
| | ) | |
| JAMES T. MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff United States of America moves for default judgment against defendants James T. Mahoney; the Missouri Department of Revenue; Beneficial Financial I, Inc., as successor by merger to Beneficial Missouri, Inc.; and Portfolio Recovery Associates, LLC, in this action brought under 26 U.S.C. § 7403 to enforce federal tax liens and a criminal restitution lien to satisfy defendant Mahoney's federal tax liabilities.  I will grant the United States' motion and enter default judgment against these defendants.  In view of the entry of default judgment and the resulting authority granted to the United States to enforce federal tax liens against defendant Mahoney's property, I will order the United States to submit a proposed Order for Sale of Property with a proposed distribution of the proceeds of the sale.

**Background**

The United States filed this civil action on October 18, 2021, seeking to:  (1) reduce to judgment federal income tax assessments against defendant James T. Mahoney; (2) enforce federal tax liens and a criminal restitution lien against real property located at 11327 Manchester Road, Kirkwood, Missouri 63122 (the Property) to satisfy, in part, Mahoney's federal tax liabilities; (3) obtain an order authorizing the sale of the Property; and (4) have the proceeds from the sale distributed in amounts determined by the Court.

The complaint alleges that Mahoney filed late federal income tax returns for each tax year from 1999 through 2010 and from 2015 through 2017, reporting unpaid tax due; filed federal income tax returns for each tax year from 2011 through 2014, reporting unpaid tax due; and that as of October 5, 2021, was indebted to the United States in the total amount of $1,103,973.19 for the unpaid federal income taxes, plus assessed interest and penalties.  The complaint also alleges that, pursuant to a criminal judgment entered July 9, 2014, against Mahoney on his conviction for failure to file a tax return for tax year 2007, Mahoney was ordered to pay restitution in the amount of $186,554.64; and that as of October 5, 2021, was indebted to the United States in the total amount of $226,107.10, representing his outstanding restitution debt, plus accrued interest and statutory penalties, minus payments and other credits.

The complaint further alleges that the Secretary of the Treasury made assessments on the above noted amounts due and that the United States provided Mahoney notice of these assessments and made demands for payment.  The complaint alleges that Mahoney's continued failure to pay resulted in federal tax liens in favor of the United States, and the United States asserts it is entitled to enforce the liens against the Property owned by Mahoney in Kirkwood, Missouri. The United States asks for judgment against Mahoney in the amount of his indebtedness and for an order that the Property be sold, with the Court determining the priories of claims or liens encumbering the Property and directing that the proceeds of the sale be distributed in accordance with that determination.

In addition to naming defendant Mahoney as the delinquent taxpayer, the United States names several defendants as entities who may claim an interest in the Property, namely the Missouri Department of Revenue; Beneficial Financial I, Inc.; Portfolio Recovery Associates, LLC; and St. Louis County, Missouri.  *See* 26 U.S.C. § 7403(a), (b).  St. Louis County waived service of process and answered the complaint on December 20, 2021.  All other defendants were served with summons and complaint in this action but did not answer the complaint or otherwise appear in this matter.  The Clerk of Court entered default against these defendants on January 26, 2022.

The United States now moves for entry of default judgment against

Mahoney for his tax liabilities due as set forth in the complaint, plus interest and penalties as of February 24, 2022, for a total of $1,116,826.23.  The United States also seeks an Order that valid federal tax liens exist on the Property and that those liens may be enforced by Order of Sale of the Property to satisfy the judgment. Finally, the United States seeks default judgment against the Missouri Department of Revenue; Beneficial Financial I, Inc.; and Portfolio Recovery Associates, LLC, decreeing that these defendants have no claimed interest in the Property and thus that the Property may be sold free and clear of all liens, claims, and interests they may have had.

In support of its motion, the United States has submitted a declaration of an Internal Revenue Service advisory revenue officer confirming the amount of Mahoney's indebtedness; certificates of assessments and payments for all relevant tax years, with entries of statutory notices of balance due and intent to levy; an exhibit showing the calculation of Mahoney's federal income tax liabilities; notices of federal tax liens dated August 18, 2015, January 8, 2016, and April 23, 2019; a certificate of restitution-based assessment dated December 8, 2014, and subsequent payments, with entries of statutory notices of balance due and intent to levy; notice of restitution lien dated July 17, 2014, and notice of federal tax lien thereon dated July 14, 2015; and a general warranty deed and quit claim deeds demonstrating Mahoney's ownership interest in the Property.

## Discussion

Where default has been entered, the allegations of the complaint are taken as true, except as to the amount of damages; it then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks and citation omitted).

<u>Count I – Reduce Tax Assessments to Judgment</u>

"Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." *North Dakota State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001).  "If the taxpayer does not pay the amount assessed, then the amount automatically becomes a tax lien on all property belonging to the taxpayer . . . ." *Pagonis v. United States*, 575 F.3d 809, 812 (8th Cir. 2009). *See also United States v. Isagba*, No. 5:17-CV-93-OC-32PRI, 2017 WL 6539049, at *1 (M.D. Fla. Dec. 2017) (entering default judgment reducing federal tax liens to judgment and ordering sale of real property); *United States v. Tobey*, No. 16-CV-4096 (JRT/LIB), 2017 WL 6883880. At *3 (D. Minn. Dec. 19, 2017), report and recommendation adopted, 2018 WL 344977 (D. Minn. Jan. 9, 2018); *United States v. Kuyper*, No. 4:11CV4170, 2013 WL 5755587, at 3 (D.S.D. Oct. 23, 2013), *aff'd*, 577 F. App'x 626 (8th Cir. 2014) (allowing for default judgment for tax liability

currently due, even though the complaint stated a liability through a certain earlier date, where the current liability was supported by current documentation).

The record supports the United States' request for relief against defendant Mahoney for unpaid federal income taxes.  I will therefore enter default judgment in favor of the United States and against defendant James T. Mahoney on Count I of the complaint in the amount of $1,116,826.23 plus interest and other statutory additions that have accrued since February 24, 2022, for unpaid federal income taxes.

<u>Count II – Enforcement of Federal Tax Liens Against the Property</u>

Under the Internal Revenue Code, the United States obtains a lien against "all property and rights to property, whether real or personal" of any person who neglects or refuses to pay their taxes.  26 U.S.C. § 6321.  The lien arises automatically on the date of the assessment and continues until the tax liability is satisfied.  26 U.S.C. § 6322; *United States v. National Bank of Commerce,* 472 U.S. 713, 719 (1985).  The United States may enforce the lien by commencing an action in the district court, joining all parties with an interest in the property to the action, and obtaining a judicial sale of the real property.  26 U.S.C. § 7403; *United States v. Rodgers,* 461 U.S. 677, 691-94 (1983).

In this action, the United States named as defendants all parties having liens upon or possibly claiming any interest in the Property, as required by 26 U.S.C. §

7403(b).  The only defendant claiming an interest in the Property as a lien holder is St. Louis County.[1]  Default has been entered against all other named defendants. The record supports the United States' request to enforce the federal tax liens against the Property, and I will enter default judgment in favor of the United States and against the defaulted defendants, namely James T. Mahoney, the Missouri Department of Revenue; Beneficial Financial I, Inc., as successor by merger to Beneficial Missouri, Inc.; and Portfolio Recovery Associates, LLC, as follows:

  a. the federal tax liens arising out of the assessments against defendant James T. Mahoney of the taxes set out above, as well as the assessment of criminal restitution set out above, are valid and subsisting liens that attached to all property and rights to property of James T. Mahoney as of the dates of the respective assessments made against him;

  b. the federal tax liens attached to the Property, which is real property located at 11327 Manchester Road, Kirkwood, Missouri  63122;

  c. The United States' interest in the Property is superior to each of the Missouri Department of Revenue's; Beneficial Financial I, Inc.'s and Portfolio Recovery Associates, LLC's interests in the property, if any; and

  d. the federal tax liens shall be enforced; the Property shall be sold at a

---

[1] St. Louis County and the United States have entered into a stipulation regarding the distribution of proceeds from any sale of the Property.  (*See* ECF 22.)

judicial sale according to the law, free and clear of any right, title, lien, claim, or interest of the defaulted parties in this action; and the proceeds of the sale shall be distributed to St. Louis County, Missouri and the United States according to the priority of the claims in such amounts as the Court determines.

In view of the foregoing, the United States shall submit for the Court's approval a proposed Order of Sale as to the subject Property, with a proposed distribution of the proceeds of the sale.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for Default Judgment [25] is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States shall have judgment against defendant James T. Mahoney in the amount of $1,116,826.23 plus interest and other statutory additions that have accrued since February 24, 2022, for unpaid federal income taxes.

**IT IS FURTHER ORDERED** that the federal tax liens resulting from the Secretary of the Treasury's assessments are valid and subsisting liens that attach to all property and rights to property of James T. Mahoney, including the real property located at 11327 Manchester Road, Kirkwood, Missouri 63122.  The Property has the following legal description:

The East 60 feet of the West 130.78 feet of Lot 20 in Section "C" of Westchester, according to the plat thereof recorded in Plat Book 19

page 32 of the St. Louis County Records.  EXCEPTING
THEREFROM the South 10 feet thereof taken for the widening of
Manchester Road by Condemnation suit #108160 of the Circuit Court
of the County of St. Louis.

**IT IS FURTHER ORDERED** that the United States' federal tax liens shall

be enforced against the Property.  **Within twenty-one (21) days of the date of this**

**Order**, the United States shall submit for the Court's approval a proposed Order of

Sale as to the subject Property, with a proposed distribution of the proceeds of the

sale.

**IT IS FURTHER ORDERED** that defendants James T. Mahoney, the

Missouri Department of Revenue, Beneficial Financial I, Inc., and Portfolio

Recovery Associates, LLC have no rights, claims, or interests in the Property or to

the proceeds of the sale of the Property.

A separate Default Judgment is entered herewith.

The United States shall serve a copy of this Memorandum and Order,

Default Judgment, and proposed Order of Sale to the defendants and shall file with

the Court a certificate of such service.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2022.